The Honorable Steve Oglesby State Representative P.O. Box 1 Hatfield, Arkansas 71945-0001
Dear Representative Oglesby:
This is in response to your request for my opinion on the following question:
 Would A.C.A. § 14-301-303 require the Highway Department to consent to abandoned [sic] the City street that runs parallel to and abutting U.S. Highway No. 71?
You indicate that the street at issue has not been used for over thirty years. According to a Petition to Close a Street filed with the Mena Planning Commission, the owners of land abutting the street are the State of Arkansas, the City of Mena and the petitioner, John E. Wells. In his petition, Mr. Wells prays that he "be vested with ownership of said real property as per A.C.A. § 14-301-306," which provides in pertinent part:
 (a) Upon the adoption of the ordinance, the absolute ownership of the property abandoned by the city or town shall vest in the owners of the real estate abutting thereon. Each such abutting owner shall take title to the center line of the street or alley so abandoned, and the ownership shall be free from the easement of the city or town for public use as a street or alley.
You report that the Mena City Council is reluctant to act on this petition until all abutting property owners have consented in writing to the abandonment, as dictated in the following provision from A.C.A. §14-301-303:
 [N]o street or alley, or any portion thereof, shall be abandoned or vacated unless there has been filed with the council the written consent of the owners of all lots abutting on the street or alley, or the portion thereof, to be vacated.
You have attached to your request correspondence from the Arkansas State Highway and Transportation Department, in which the Department declined to offer "any input, either positive or negative, into matters involving the closure or abandonment of a street dedication that is outside of the existing state highway right of way."
RESPONSE
Because your question raises issues that are the subject of currently pending litigation, I am unable to render an opinion.
This office follows a long-standing policy of not rendering opinions on matters that are the subject of pending litigation. This policy has consistently been applied to matters pending before administrative agencies as well as before the courts. See, e.g., Ark. Ops. Att'y Gen.99-139; 97-329; 97-105; 96-137; 92-360 and 90-114. In the present case, the Mena Planning Commission is faced with various questions that are mirrored in your request, including whether the State's and the City's consent are required to support an abandonment and whether Mr. Wells would be entitled to obtain title in all of the abandoned property even if the State and the City consented. The Mena Planning Commission and City Council comprise the appropriate forum to rule on these and related issues, subject to the right of appeal to chancery court dictated in A.C.A. § 14-301-305.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh